AMERICAN POPULAR LIFE INS. CO.,
(MORRISON v.)

[See Morrison v. American Popular Life Ins. Co., Case No. 9,841.]

---

## Case No. 315.

AMERICAN SADDLE CO. v. HOGG.

[Holmes, 133;[1] Merw. Pat. Inv. 340; 2 O. G. 59; 5 Fish. Pat. Cas. 353.]

Circuit Court, D. Massachusetts.   March 22, 1872.

PATENTS FOR INVENTIONS — PATENTABILITY — ANTICIPATION—PAD FOR HARNESS SADDLES—ACTION FOR INFRINGEMENT—EVIDENCE.

1. An invention of a pad for harness-saddles, having, as its distinguishing feature, an impervious bearing surface of vulcanized rubber or gutta-percha, is not anticipated by previous use of harness-saddle pads having bearing surfaces of other materials than vulcanized rubber, or rubber-cloth, or gutta-percha.

2. In a suit in equity to restrain infringement of a patent, a prior patent not mentioned in the defendant's answer is admissible only as evidence of the state of the art at the date of the

[1] [Reported by Jabez S. Holmes. Esq., and here reprinted by permission. Partially reported in Merw. Pat. Inv. 340.]

invention claimed in the complainant's patent. If seasonable objection is taken, it is not admissible to show want of novelty in that invention.

In equity. Bill in equity for an injunction to restrain alleged infringement of letters-patent for an improved harness-saddle pad, granted R. C. Sturges Jan. 19, 1869, [No. 86,112,] and for an account of profits. The case is stated in the opinion. Decree for complainants.

P. H. Hutchinson, for complainant.
S. E. Ireson and J. H. Bradley, for defendant.

SHEPLEY, Circuit Judge. The complainant is the patentee under letters-patent of the United States, issued on the nineteenth day of January, 1869, as assignee of R. C. Sturges, for a new and useful improved harness-saddle pad:

The inventor claimed as the distinguishing feature of his improved pad an impervious bearing surface of vulcanized rubber or gutta-percha. The principal advantage claimed for this bearing surface was not only that it protected the stuffing of the pad from animal exudations, and remained clean, smooth, and soft, but also that the effect of the vulcanized rubber surface was to prevent galls upon the back of an animal working under one of these pads, and that the sulphur used in the process of vulcanization had certain curative properties when the pads were used upon horses or mules whose backs had become galled when working under other pads. His claim was for an improved pad for harness-saddles, the distinguishing feature of which is an impervious bearing surface of vulcanized rubber combined with the other portions of the pad, substantially as set forth in his specification.

The answer of the defendant puts in issue the novelty of the invention, and gives the names and residences of five different parties alleged by the defendant to have used and sold the substantial and material parts, claimed as new, before the invention thereof by the complainant's assignor.

The evidence in the record only proves the manufacture and use by the persons specified, or some of them, of a saddle pad constructed substantially in the same manner as those described in the complainant's specification, with a bearing surface of material other than vulcanized rubber or rubber-cloth. This evidence does not affect the novelty of the invention claimed by Sturges, the distinguishing feature claimed for which was the combination, with such pads as were previously made, of a new impervious bearing surface of vulcanized rubber.

Letters-patent of the United States, granted to William Leonard on the third day of September, 1867, have been introduced in evidence, and are admissible as showing the state of the art prior to Sturges's invention.

Their competency for any other purpose is objected to by the complainant, defendant not having given any notice in the answer that he should rely upon these letters-patent, or the invention described therein, as showing prior knowledge or use.

The patent was for an improvement in horse-collars. The patentee described his invention as relating to the construction of the collar, with reference to the employment of vulcanized rubber, or its compounds, for the bearing surfaces thereof. "The object," he states, "of employing the rubber is to prevent absorption of perspiration from the body of the animal by and into the stuffing of the collar, and to obviate the formation of permanent wrinkles in that surface of the collar which comes in contact with the skin of the animal; and I consider the rubber beneficial for the cure of skin galls, by reason of the healing influence of the sulphur contained in the vulcanized material."

In Leonard's patent, as in the complainant's, reference is made to a mode of securing to the edge of the rubber a strip of some stronger material, by which to secure the rubber to the remaining portions of the pad. It thus appears that the Leonard patent embodies, in the form of a horse-collar, substantially, if not identically, the same points of invention which in the complainant's patent are embodied in the form of a harness-saddle pad.

If this point of defence were open, therefore, to the defendant by the introduction of the Leonard patent, of which no previous notice was given in the defendant's answer, we might have been compelled to decide that the complainant was not entitled to a patent for applying a bearing surface of vulcanized rubber to that part of a harness which comes in contact with the back of an animal, when the same application of the same bearing surface for the same purposes to that part of the harness which comes in contact with the horse's neck had been previously patented; for it is [would have been][2] difficult to discover any thing new and material, either in principle, in combination, or in the mode of operation, in order to adapt it to its new [and analogous][2] use. But the Leonard patent is not set up in defence in the answer; the objection to its introduction in evidence was seasonably taken, and clearly it cannot be admitted in evidence to supersede the invention of the assignor to the complainant, as that would operate as a surprise upon the complainant. Howe v. Williams, [Case No. 6,778.]

The case of Vance v. Campbell, 1 Black, [66 U. S.] 427, relied upon by the defendant, decides only that no notice is necessary in order to justify the admission of evidence, for the purpose of showing the state of the art in respect to improvements existing at the date of the complainant's invention, in the class of articles to which it belongs.

In reference to the state of the art prior to the inventions of Leonard and Sturges, the use of a vulcanized rubber bearing surface for the purposes set forth by Leonard and by Sturges was new and patentable. Whether the invention of Leonard anticipated and superseded that of Sturges is a question not raised by the pleadings in this case, and respecting which no competent evidence is to be found in the record.

[No use can be made by the court of the Leonard patent, in the view entertained by the court of the respective inventions described and claimed by Leonard and Sturges, to limit or define the claim in the Sturges patent, except one which would render the Sturges patent void, by reason of a prior invention by Leonard, of all the material and substantial parts of the invention claimed by Sturges. Such a use of the Leonard patent the court is not authorized to make in this case. If that issue had been made in the pleadings, and notice had been given to the complainants that the respondent relied upon Leonard's patent as anticipating the invention of Sturges, the court can not know that complainants would not have met that issue, if presented, by proof that, although Leonard's patent antedated the patent of Sturges, the invention of Sturges antedated Leonard's.][2]

Treating the complainant's patent, as upon the evidence in this case the court is bound to treat it, as a good and valid patent, it is unnecessary to say any thing further upon the subject of infringement than that Exhibit E, one of the saddle pads made by the defendant, is so manifestly identical with Exhibit D, the saddle pad manufactured under complainant's patent, that it differs from it in no respect, except the addition of an elastic loop to attach it to the saddle.

The defendant's patent, if valid, is only so for the combination with the pad of his elastic loop, as distinguished from non-elastic loops previously used. There is no pretence that this gives him any right to use the invention of the complainant, or of any [other][2] person, to which his elastic band or loop may be applied.

Decree for complainants.

---

[2][From 5 Fish. Pat. Cas. 353.]        [2][From 5 Fish. Pat. Cas. 353.]